**[J-80-2020] [MO: Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 54 WAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered May 21, |
| | : | 2019 at No. 1398 WDA 2016, |
| v. | : | affirming in part and vacating in part |
| | : | the Judgment of Sentence of the |
| | : | Court of Common Pleas of Mercer |
| JAMES DUANE BAKER-MYERS, | : | County entered August 19, 2016 at |
| | : | No. CP-43-CR-0001303-2015 and |
| Appellee | : | remanding. |
| | : | |
| | : | ARGUED:  September 17, 2020 |

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED:  JULY 21, 2021**

Section 6301 of the Crimes Code relevantly provides: "Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree."  18 Pa.C.S. § 6301(a)(1)(ii).  The Majority concludes that the phrase "in violation of Chapter 31" is an essential element of the offense.  Majority Op. at 19.  As a result, Petitioner's conviction for corruption of minors, graded as a third-degree felony, cannot stand where the jury rendered acquittals on all Chapter 31 offenses charged by the Commonwealth.  *Id.*  I dissent.

I first part ways with the Majority's view that the phrase "in violation of Chapter 31" is an essential element of the offense requiring guilty verdicts on one or more Chapter 31

offenses where the Commonwealth chooses to formally charge them in the indictment. In reaching this conclusion, the Majority finds instructive *Commonwealth v. Magliocco*, 883 A.2d 479 (Pa. 2005) (holding acquittal on predicate offense of terroristic threats precluded conviction for ethnic intimidation). The ethnic intimidate statute at issue in *Magliocco* relevantly stated that a person may be found guilty of ethnic intimidation where, *inter alia*, "he commits an offense under any other provision of this article[.]" *Magliocco*, 883 A.2d at 489 (quoting 18 Pa.C.S. § 2710(a)). In the Majority's view, the pertinent phrases in the corruption of minors statute and the ethnic intimidation statute "[are] not all that different." Majority Op. at 17. As a result, the felony corruption of minors statute similarly "operates to create – as an element of the offense – a requirement that the Commonwealth prove beyond a reasonable doubt that the accused engaged in a course of conduct involving a breach of some law or laws contained in Chapter 31 of the Crimes Code." *Id.* at 18.

However, the language used in the ethnic intimidation statute in *Magliocco* appears more stringent than the language used in the present statute, especially considering the corruption of minors statute references "**any course of conduct** in violation of Chapter 31." 18 Pa.C.S. § 6301(a)(1)(ii) (emphasis added). In my view, the any course of conduct language indicates, as the Commonwealth avers, that acts may be sufficient to support a conviction. Instantly, the Commonwealth charged several Chapter 31 offenses – rape, sexual assault, and indecent assault. The jury's guilty verdict with respect to corruption of minors, graded as a third-degree felony, signifies it found some course of conduct in violation of Chapter 31 related to these offenses. To wit, the statutory language "any course of conduct in violation of Chapter 31" is clearly satisfied in this case by the jury's guilty verdict on the corruption of minors charge. While the majority criticizes the Commonwealth for focusing on the course of conduct language, our tenets of statutory

construction command us to interpret statutory language not in isolation, but with reference to the context in which it appears. 1 Pa.C.S. § 1912(a).

The Majority further finds that the Commonwealth is not necessarily required to formally charge and obtain a conviction on the Chapter 31 offense or offenses serving as the predicate offense in order to sustain a conviction for corruption of minors graded as a third-degree felony. The Majority again relies on *Magliocco* and *Commonwealth v. Reed*, 9 A.3d 1138 (Pa. 2010), which both determined that an acquittal with respect to a formally charged predicate offense renders the evidence on the primary offense insufficient. *Magliocco*, 883 A.2d at 492-93; *Reed*, 9 A.3d at 1147. It opines that such a sufficiency problem does not exist where the Commonwealth chooses not to formally charge the predicate offense "'as long as it makes clear which offense it is pursuing as the predicate offense for purposes of the [felony corruption of minors] charge, and the factfinder is so made aware and, in the case of a jury, so charged." Majority Op. at 18 (quoting *Magliocco*, 833 A.2d at 492). While I agree with this analysis, I do not find it applicable in this case, given my view that Section 6301(a)(1)(ii) does not contemplate predicate offenses. The fact that the jury rendered acquittals on these other offenses is therefore not determinative as to whether Petitioner's conviction for corruption of minors graded as a third-degree felony stands. The statute merely requires "any course of conduct in violation of Chapter 31" which the jury found based on its guilty verdict with respect to this offense. Accordingly, I dissent.